Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES R. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 3:20-cv-09367<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES** Plaintiff, JAMES R. ALLEN, through undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC. as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplement jurisdiction pursuant to 28 U.S.C. § 1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. JAMES R. ALLEN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1124 Fulton, San Francisco, California 94117.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. MIDLAND CREDIT MANAGEMENT ("Defendant") maintains a principal place of business at 350 Camino de la Reina, #100, San Diego, California 92108.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

11. At some point, Plaintiff applied for and was approved for a credit card with Capital One Bank ("Capital One").

12. Due to unforeseen financial difficulties, Plaintiff was unable to stay current on his obligation to Capital One.

13. Upon information and belief, at the time that Plaintiff fell into default with Capital One, he owed approximately $696.00 ("subject debt").

14. Plaintiff's balance is a "debt" as defined by 15 U.S.C. §1692a(5).

15. Plaintiff's balance – once unpaid – was charged-off by Capital One on November 19, 2014.

16. In or around 2018, Plaintiff started receiving calls from Defendant in an attempt to collect on the subject debt.

17. At first, Plaintiff ignored these phone calls; however, the phone calls became more persistent, and Plaintiff finally started answering the phone calls from Defendant.

18. During one of these answered calls in October 2020, Plaintiff requested that Defendant stop calling.

19. Unfortunately, Defendant continued to place phone calls to Plaintiff.

20. On several different occasions, Plaintiff has answered Defendant's phone calls and requested that Defendant stop calling him.

21. Most recently, on December 10, 2020, Plaintiff was on a business call when Defendant called.

22. Plaintiff asked that Defendant hold briefly; however, when he returned to the line, Defendant's representative had hung up.

23. Plaintiff then placed a call to Defendant and yet again requested that Defendant stop calling him.

24. In total, Defendant has placed numerous unwanted and unconsented to phone calls to Plaintiff since he requested that the phone calls cease.

25. Defendant placed these calls from various phone numbers, including but not limited to the phone number (844) 723-5298.

26. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

27. Concerned with having had his rights violated by Defendant's abusive collection calls, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

28. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

29. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls after Plaintiff requested that the phone calls cease in an attempt to collect the subject debt.

32. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

33. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, JAMES R. ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

A.    a finding that Defendant violated 15 U.S.C. § 1692d;

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. §1692k(a)(1);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A);

D.    an award of costs of this action including expenses together with reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. §1692k(a)(3); and

E.    an award of such other relief as this Court deems just and proper.

### COUNT II:
### Violations of §1788.17 of the RFDCPA

35.    Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

36.    California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

37.    As stated above, Defendant violated 15 U.S.C. §§ 1692d and d(5), therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, JAMES R. ALLEN, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

    b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

    c. Awarding the Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: December 28, 2020             Respectfully submitted,

**JAMES R. ALLEN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com